JS - 6

O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOWNSEND, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE BANK USA N.A.; MANN BRACKEN, LLC; PALISADES COLLECTIONS; et al.;<br><br>    Defendants.<br>_____ | CASE NO. SACV08-00527 AG (ANx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

  Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Chase Bank USA, N.A. ("Chase Bank"), Mann Bracken, LLC ("Mann Bracken"), and Palisades Collections, LLC ("Palisades"). Defendant J.P. Morgan Chase International ("Chase") has joined in the Motion. Oral argument was heard on January 5, 2009, and the Court is now prepared to rule.

  Plaintiff Robert Townsend ("Plaintiff"), proceeding *pro se*, is engaged in a diligent search for justice before this Court. Plaintiff currently has five cases pending in this Court, all of them raising similar legal and factual issues. In this case, Plaintiff has now been allowed to amend his defective Complaint three times. Because Plaintiff has still failed to state a viable claim against any defendant, justice requires the Court, after considering all papers and arguments submitted, to GRANT Defendants' Motion without leave to amend.

**BACKGROUND**

The following facts are taken from Plaintiff's Third Amended Complaint ("TAC"), and for the purposes of this Motion, the Court assumes them to be true.

Plaintiff and Chase Bank entered into a written contract providing for credit cards to be issued to Plaintiff. In 2006, a dispute arose between Plaintiff and Chase Bank as to the true amount Plaintiff owed Chase Bank under the credit card agreements. (TAC ¶ 13.) Chase Bank then initiated "aggressive collection activities" against Plaintiff. (TAC ¶ 13.) In 2007, Plaintiff received a letter from Mann Bracken stating that Mann Bracken was the assignee of Chase Bank on debts owed to Chase Bank by Plaintiff. (TAC ¶ 14.) Plaintiff contacted Mann Bracken to dispute the debt. (TAC ¶ 15.) Mann Bracken responded by providing documents purporting to validate the debt, but did not respond to Plaintiff's request for documentation in accordance with the requirements of the Fair Debt Collection Practices Act. (TAC ¶ 15.) In 2008, Plaintiff received a letter from Palisades stating that Palisades had purchased the debts owed by Plaintiff to Chase Bank. (TAC ¶ 17.) That letter threatened that if Plaintiff did not pay the debt, Palisades would report information about his account to credit bureaus. (TAC ¶ 18.) Plaintiff alleges that Mann Bracken's and Palisades' collection activities against him violated, among other things, the California and federal Fair Debt Collection Practices Acts. Plaintiff also challenges Chase Bank's business practices, including Chase Bank's imposition of backdated rate increases and additional finance charges on certain accounts. (TAC ¶¶ 21-28.)

Plaintiff's Third Amended Complaint states fourteen claims against Defendants, numbered as follows: (1) violations of California's Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; (2) violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (3) defamation/credit slander; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) violations of the Racketeering and Influence Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; (7) declaratory and injunctive relief under 18 U.S.C. § 1964(a); (8) unjust enrichment; (9) fraud; (10) unfair competition, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (11) intentional infliction of emotional distress ("IIED"); (12)

1  breach of contract; (13) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et*
2  *seq.*; (14) breach of the implied covenant of good faith and fair dealing.
3      Defendants here move to dismiss all claims under Federal Rule of Civil Procedure
4  12(b)(6).

## LEGAL STANDARD

8      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "[O]rdinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S.Ct. at 1965. Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level." *Id.*

In deciding a 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1988). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll*

3

*v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation omitted).

**ANALYSIS**

**1. PLAINTIFF'S FIRST AND SECOND CLAIMS FOR VIOLATIONS OF THE CALIFORNIA AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACTS**

Plaintiff's first claim for violations of California's Fair Debt Collection Practices Act ("FDCPA") is brought against all defendants. Plaintiff's second claim for violations of the federal FDCPA is brought against Chase Bank, Mann Bracken, Palisades, and other related defendants. Plaintiff alleges that Defendants engaged in "unfair, unlawful, and unconscionable" means to attempt to collect a debt purportedly owed by Plaintiff, including threatening to report Plaintiff to credit agencies and attempting collection activities. (TAC ¶ 84.)

Plaintiff fails to state a claim under either the California or federal FDCPA. Both Acts are directed at false, misleading, or harassing communications to consumers. *See* Cal. Civ. Code § 1788, *et seq.*; 15 U.S.C. § 1692, *et seq.* Courts have held that the date and contents of each alleged communication in violation of the FDCPA must be pled with particularity. *See, e.g.*, *Arikat v. J.P. Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006); *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005). Here, Plaintiff fails to cite specific instances of communications violating the FDCPA. Plaintiff's TAC gives only vague descriptions of false, misleading, or harassing communications Plaintiff received from Defendants and fails to identify the persons making such communications, the dates those communications were received, or even the contents of the communications. Plaintiff's claims must fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's first claim for violations of the California Fair Debt Collection Practices Act and Plaintiff's second claim for violations of the federal Fair Debt Collection Practices Act.

## 2. PLAINTIFF'S THIRD CLAIM FOR DEFAMATION/CREDIT SLANDER

Plaintiff's third claim for defamation and credit slander is brought against Chase Bank, Mann Bracken, Palisades, and other related defendants. Plaintiff alleges that "Defendants, and each of them, stated to each other, including communications among themselves and repeated to others, both verbally and in writing, that Plaintiff owed a debt to CHASE and was delinquent in his repayment obligations." (TAC ¶ 101.) These statements allegedly were false because "Plaintiff's credit accounts with CHASE, and the credit extended to him as alleged by CHASE, was never owed CHASE on a credit account and Plaintiff never was delinquent in repayment obligations for any account or other obligation with CHASE unless falsely manipulated to appear so by CHASE for its economic benefit." (TAC ¶ 101.)

The Court agrees with Defendants that, to the extent Plaintiff's claim is based on credit reporting, it is preempted by the Fair Credit Reporting Act ("FCRA"). The FCRA provides:

> No requirement or prohibition may be imposed under the laws of any state
> (1) With respect to any matter regulated under . . .
>> (F) Section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b). The FCRA thus preempts all matters regulated by Section 1681s-2(a), which broadly states the various duties of furnishers of credit information to provide accurate information to credit reporting agencies. Courts have repeatedly held that the FCRA is a scheme of federal regulation of credit reporting so pervasive as to make reasonable the inference that Congress left no room for the states to supplement it. *Kodrick v. Ferguson*, 54 F. Supp. 2d 788 (N.D. Ill. 1999); *Nat'l Home Equity Mortgage Ass'n v. Face*, 64 F. Supp. 2d 584 (E.D. Va. 1999). Federal courts in California have consistently held that the FCRA preempts both

1  statutory and common law claims under state law against furnishers of information for failing to
2  properly investigate and report allegedly erroneous information.  *See Buraye v. Equifax*, 2008
3  U.S. Dist. LEXIS 80732 (C.D. Cal. 2008); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139
4  (N.D. Cal. 2005);  *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005); *Davis v.
5  Maryland Bank, N.A.*, 2002 U.S. Dist. LEXIS 26468 (N.D. Cal. 2002).

6  To the extent that Plaintiff's defamation claim is *not* based on credit reporting, Plaintiff
7  fails to plead defamation with sufficient particularity.  "The general rule is that the words
8  constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the
9  complaint."  *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 34 (2007).  Plaintiff fails to specifically
10 allege the contents of any of the defamatory statements.  Plaintiff also fails to allege which
11 defendant made the allegedly defamatory statements and to which other defendants or third
12 parties the allegedly defamatory statements were made.  Plaintiff fails to state a claim for
13 defamation under Rule 12(b)(6).

14 Defendants' Motion to Dismiss is GRANTED as to Plaintiff's third claim for defamation
15 and credit slander.

16

17 **3.     PLAINTIFF'S FOURTH CLAIM FOR FRAUDULENT MISREPRESENTATION**
18

19 Plaintiff's fourth claim for fraudulent misrepresentation is brought against Chase Bank,
20 Mann Bracken, Palisades, and other related defendants.  Plaintiff alleges that Defendants and
21 their agents advised Plaintiff by letters, including one dated January 5, 2007, "that [Plaintiff]
22 owed a sum originally to CHASE that was due and past due and that it had a right to collect on
23 this debt when in fact said parties knew or could reasonably ascertan [Plaintiff] did not owe the
24 monies claimed."  (TAC ¶ 108.) Plaintiff alleges that Defendants knew the representations were
25 false and made them "with the intention to deceive and defraud Plaintiff and to induce Plaintiff
26 to make payments to [Defendants] in order to make themselves monies from the fraudulent
27 dealings and allegations of the amount of the debt by CHASE and other related defendants,
28 charges, fees, and interest assessed against Plaintiff."  (TAC ¶ 110.)

1  Plaintiff fails to plead fraudulent misrepresentations with sufficient particularity. Under
2  Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, circumstances
3  constituting fraud or mistake shall be stated with particularity." Specifically, "the complaint
4  must specify such facts as the times, dates, places and benefits received, and other details of the
5  alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Here, all of
6  Plaintiff's accusations fail to allege specific instances of fraudulent misrepresentations. Plaintiff
7  fails to allege who made the representations, when and where the representations were made,
8  how they were made, and what the specific content of the representations was. The pleading
9  standard "may be relaxed as to matters peculiarly within the opposing party's knowledge."
10 *Wool v. Tandem*, 818 F.2d 1433, 1439 (9th Cir. 1987) (superceded on other grounds). But *Wool*
11 does not apply here. Plaintiff should know when and where the allegedly fraudulent
12 representations were made to him. These representations are not "peculiarly within the opposing
13 party's knowledge."

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's fourth claim for fraudulent misrepresentation.

### 4. PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENT MISREPRESENTATION

Plaintiff's fifth claim for negligent misrepresentation is brought against Chase Bank, Mann Bracken, Palisades, and other related defendants. Plaintiff's negligent misrepresentation claim suffers from the same defects as his fraudulent misrepresentation claim. Plaintiff again fails to allege who made the allegedly negligent representations, when and where the representations were made, how they were made, and what the specific content of the representations was. Plaintiff fails to state a claim for negligent misrepresentation.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's fifth claim for negligent misrepresentation.

### 5. PLAINTIFF'S SIXTH CLAIM FOR RICO VIOLATIONS

Plaintiff's sixth claim for violations of RICO is apparently brought against Chase Bank, Mann Bracken, Palisades, and other related defendants. Plaintiff alleges that the defendants "knowingly and willfully conspired and agreed among themselves to engage in unwarranted collection activities against Plaintiff although Plaintiff disputed the alleged debt, that then became the subject of collection activities." (TAC ¶ 122.) As part of a continuing and established "pattern of racketeering activity," the defendants allegedly "did conspire among themselves, directly and indirectly, to disseminate false and misleading information to members of the general public, including Plaintiff, who received such information, respecting credit cards offered to members of the public by CHASE" and "did charge persons, including Plaintiff . . . unreasonable fees, charges, and penalties that were not disclosed to the credit card holders or if disclosed, the disclosures were hidden in the massive amount of printed matter given credit card holders." (TAC ¶¶ 133-35.)

Like the previous iterations of Plaintiff's RICO claim, this claim fails to plead RICO violations with sufficient particularity. Federal Rule of Civil Procedure 9(b) applies to RICO fraud allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Rule 9(b) requires the pleader to state the time, place, and specific content of the false representations, as well as the identities of the relevant parties. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Here, Plaintiff fails to mention any specific statements, charges, or penalties. The TAC fails to allege specific acts of racketeering activity by individual defendants and fails to state a claim under RICO.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's sixth claim for RICO violations.

**6.  PLAINTIFF'S SEVENTH CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff's seventh claim seeks declaratory and injunctive relief under 18 U.S.C. § 1964(a). That statute allows district courts to enjoin future violations of RICO. Because Plaintiff's sixth claim for violations of RICO fails, his claim for declaratory and injunctive relief under Section 1964(a) must also fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's seventh claim for declaratory and injunctive relief.

**7.  PLAINTIFF'S EIGHTH CLAIM FOR UNJUST ENRICHMENT**

Plaintiff's eighth claim for unjust enrichment is apparently brought against Chase Bank. Plaintiff alleges that Chase Bank adds "unreasonable, unconscionable, and illegal charges to the original debt" and then uses "extortionate practices" to collect the "over charges." (TAC ¶ 165.) As a result of those debt collection practices, Plaintiff alleges, Chase Bank has been "unjustly enriched by their collection of falsely misrepresented debt." (TAC ¶ 166.)

Plaintiff's claim for unjust enrichment must fail. Unjust enrichment is a basis for granting restitution where "a person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 915 (2007) (internal citations omitted). Here, Plaintiff fails to actually allege that he ever paid Chase Bank or any other defendant the allegedly unreasonable, unconscionable, and illegal charges. There is no allegation that the defendants in this case are "holding any of [P]laintiff's funds that they must restore." (Motion 17:15-16.) Plaintiff does not state a claim for unjust enrichment.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's eighth claim for unjust enrichment.

**8.  PLAINTIFF'S NINTH CLAIM FOR FRAUD**

9

Plaintiff's ninth claim for fraud is brought against all defendants. Plaintiff accuses Chase of (1) "charging excessive fees and/or penalties"; (2) engaging in "creative bookkeeping"; (3) adding terms to the contract without proper or adequate notice to Plaintiff by, in some cases, "inserting the changes in other material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable"; (4) providing for "universal default" by "inserting the reasons for implementation of extraordinary changes in interest to be charged (AKA penalty) in material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable"; (5) extending lines of credit to Plaintiff without warning him that "frequent use of the line of credit beyond a certain unilaterally decided percentage would subject Plaintiff to a penalty rate of interest" and stating the potential for such interest in "material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable, even unintelligible and incomprehensible"; (6) using the "mails and telephone lines" to prepare purportedly accurate monthly statements; and (7) mailing knowingly inaccurate statements. (TAC ¶ 173.)

Like the previous iterations of Plaintiff's fraud claim, this claim fails to plead fraud with sufficient particularity. Under Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, circumstances constituting fraud or mistake shall be stated with particularity." Specifically, "the complaint must specify such facts as the times, dates, places and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Here, all of Plaintiff's accusations fail to allege specific instances. The pleading standard "may be relaxed as to matters peculiarly within the opposing party's knowledge." *Wool v. Tandem*, 818 F.2d 1433, 1439 (9th Cir. 1987) (superceded on other grounds). But *Wool* does not apply here. Plaintiff should know when and where the allegedly fraudulent representations were made to him. These representations are not "peculiarly within the opposing party's knowledge."

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's ninth claim for fraud.

10

**9. PLAINTIFF'S TENTH CLAIM FOR UNFAIR COMPETITION**

Plaintiff's tenth claim for unfair competition is brought against all defendants. Plaintiff alleges that Defendants have engaged in conduct constituting unfair competition as defined by California Business & Professions Code Section 17200, including violations of the California and federal Fair Debt Collection Practices Acts, a civil conspiracy in violation of RICO, and fraud.

Under California law, to establish a claim that a practice is unlawful or unfair under § 17200, a plaintiff must first establish that some other statute has been violated or some tort has been committed. Under *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), courts may not simply impose their own notions of fairness or unfairness. Plaintiffs must show a tort, violation of a statute, or violation of some other recognized duty. *Id.*; *See also Diaz v. Allstate Ins. Co.*, 185 F.R.D. 581 (C.D. Cal. 1998); *People Ex Rel Renne v. Servantes*, 86 Cal. App. 4th 1081 (2001). Here, Plaintiff has predicated his § 17200 claim on alleged violations of the FDCPA and RICO and fraud. Because the Court has already established that those claims must fail, Plaintiff's unfair competition claim must also fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's tenth claim for unfair competition.

**10. PLAINTIFF'S ELEVENTH CLAIM FOR IIED**

Plaintiff's eleventh claim for IIED is brought against all defendants. Plaintiff alleges that "Defendants' ongoing effort to collect from Plaintiff on a debt they knew or should have known was not due resulted in a significant financial and emotional burden on Plaintiff." (TAC ¶ 191.) Plaintiff alleges that Defendants "knew Plaintiff was unsophisticated, had limited financial resources, and could not afford to retain counsel to advise and represent him," but continued to pursue aggressive collection activities against him regardless. (TAC ¶ 191.)

Plaintiff fails to state a claim for IIED. Under California law, the elements of an IIED

11

claim are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979). To be considered "outrageous," conduct must be so extreme as to exceed all bounds of conduct usually tolerated in a civilized community. *Id.* at 593. Conduct will be found actionable where the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).

Here, Plaintiff fails to allege facts showing extreme and outrageous conduct. While the collection activities pursued against him undoubtedly caused Plaintiff significant stress, the Court cannot find that, under the facts alleged by Plaintiff, any of the defendants in this case engaged in conduct so extreme as to exceed all bounds of conduct usually tolerated in a civilized community. Plaintiff acknowledges that "each individual act may seem small," but asserts that "the totality of the continuing harassment, over an extended period of time is clearly something that rises to the level where a person of reasonably [*sic*] sensibilities would say it is outrageous." (TAC ¶ 194.) The Court cannot agree.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's eleventh claim for intentional infliction of emotional distress.

**11. PLAINTIFF'S TWELFTH CLAIM FOR BREACH OF CONTRACT**

Plaintiff's twelfth claim for breach of contract is brought against Chase Bank. This claim is substantially identical to the breach of contract claims brought in the original Complaint, First Amended Complaint, and Second Amended Complaint. Plaintiff alleges that Chase Bank breached the agreement between the parties by imposing, enforcing, and collecting illegal penalties and additional fees; raising the applicable interest rate; and falsely reporting to third parties that Plaintiff defaulted on payments due. (TAC ¶¶ 197-209.)

In its July 2, 2008 Order dismissing Plaintiff's original Complaint, this Court held that Plaintiff's breach of contract claims were preempted by: (1) 12 C.F.R. § 7.4008(d)(2), which allows a national bank to make non-real estate loans without regard to state law limitations concerning terms of credit, disclosure and advertising, and rates of interest on loans; (2) 12 C.F.R. § 7.4002, which provides that a national bank may charge its customers non-interest charges and fees; and (3) the Fair Credit Reporting Act. *See* July 2, 2008 Order at 4-7. Plaintiff's latest breach of contract claim contains the same allegations as his original breach of contract claim and is therefore preempted by federal law.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's twelfth claim for breach of contract.

**12.   PLAINTIFF'S THIRTEENTH CLAIM FOR TILA VIOLATIONS**

Plaintiff's thirteenth claim for violations of TILA is apparently brought against Chase Bank. Plaintiff alleges that on June 6, 2007, he "provided written [*sic*] to CHASE" that "he believed a billing error had occurred with the current billing statement received via the postal service but previous errors as well." (TAC ¶ 212.) According to Plaintiff, Chase Bank then failed to comply with the requirements of TILA set forth at 15 U.S.C. § 1666. The "billing error" cited by Plaintiff is the fact that Chase Bank's periodic statements explain how Chase bank calculates balances "in font so small with ink bended into the paper as to render it indistinguishable, indecipherable, and unintelligible." (TAC ¶ 213.) Plaintiff concludes that "it is impossible" to ascertain how Chase bank determines balances. (TAC ¶ 215.)

Plaintiff fails to state a claim under TILA. First, as Defendants point out, the size of print used on Chase Bank's billing statements is not the type of "billing error" covered by TILA. *See* 15 U.S.C. § 1666(b) (defining billing errors to include, for example, computation errors, failures to reflect payments made or credits issued, reflections of goods or services not accepted by a creditor, or reflections of extensions of credit not made to the creditor). Second, the Court cannot find that it is "impossible" to determine how Chase Bank calculates balances on credit

13

card statements. Attached to the TAC are several of Plaintiff's statements from Chase Bank for the period from January 2006 through January 2007. On the first page of the statements, a section titled "Finance Charges" sets forth the daily period rate, the corresponding annual percentage rate, the average daily balance, and the resulting finance charges. The second page of the statements includes a section titled "Explanation of Finance Charges," which sets forth a detailed explanation of how Chase Bank calculates periodic finance charges. Finally, Plaintiff does not allege that he sent Chase Bank a communication including his name and account number; a statement that Plaintiff believed the statement contained a billing error and the amount of the billing error; and a statement setting forth Plaintiff's reasons for believing the statement contained a billing error, as required by 15 U.S.C. § 1666(a). Plaintiff's TILA claim must fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's thirteenth claim for violations of the Truth in Lending Act.

## 13. PLAINTIFF'S FOURTEENTH CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's fourteenth claim for breach of the implied covenant of good faith and fair dealing is apparently brought against Chase Bank. Plaintiff alleges that Chase Bank violated the implied covenant of good faith and fair dealing by "imposing penalties in addition to a late charge for late payments" and "retroactively increasing interest rates on the customer without any advanced notice whatsoever." (TAC ¶ 219.) Again, these claims are preempted by federal law. *See* July 2, 2008 Order at 4-7.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's fourteenth claim for breach of the implied covenant of good faith and fair dealing.

**DISPOSITION**

Plaintiff has been given several opportunities to amend his pleadings in this case. The Court is satisfied that the deficiencies of the Third Amended Complaint cannot be cured by further amendment. *See Noll*, 809 F.2d at 1448. Defendants' Motion is GRANTED without leave to amend.

IT IS SO ORDERED.

DATED: February 15, 2009

                                              Andrew J. Guilford
                                       United States District Judge